IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

GEOFFREY TOBIAS, individually   *
and for others similarly        *
situated,                       *
                                *
        Plaintiff,              *
                                *      CV 125-202
        v.                      *
                                *
SOUTHERN NUCLEAR OPERATING       *
COMPANY,                        *
                                *
        Defendant.              *
                          _____

**O R D E R**
                          _____

Before the Court is Plaintiffs' unopposed motion to approve FLSA settlement and dismissal with prejudice. (Doc. 97.) Plaintiff Geoffrey Tobias and Opt-in Plaintiffs James Hollenbach, Sr. and Louis Pisano (collectively, "Plaintiffs")[1] assert claims against Defendant for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, as amended, and seek to recover unpaid overtime wages and attorneys' fees. (Doc. 45, at 25-28.) The Parties attach Plaintiffs' respective settlement agreements (the "Agreements"). (Docs. 97-1, 97-2, 97-3.) Pursuant to Eleventh Circuit precedent and the FLSA, the Court is required to scrutinize the proposed settlement agreements for fairness before

---

[1] Although not listed in the case caption, Plaintiffs Hollenbach and Pisano join the motion. (Doc. 97, at 1.) Thus, the Clerk is **DIRECTED** to add them as Plaintiffs to this action.

approving them and entering judgment.  For the following reasons, the Parties' motion is **DENIED**.

## I. DISCUSSION

Congress enacted the FLSA to protect workers from oppressive working hours and substandard wages.  Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981).  Because workers and employers often possess unequal bargaining power, Congress made the FLSA's wage and hour limitations mandatory.  Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706-07 (1945).  Making the provisions mandatory meant eliminating the ability of workers and employers to negotiate an employment arrangement falling below FLSA's minimum employee protections.  See Barrentine, 450 U.S. at 740.  Accordingly, FLSA provisions are not subject to bargaining, waiver, or modification either by contract or settlement, except for two narrow exceptions.  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

The first exception involves actions taken by the Secretary of Labor and, therefore, is inapplicable to the proposed settlement in this case.  See id. at 1353.  The second exception, which applies here, permits settlement when employees bring a private action for back wages under 29 U.S.C. § 216(b).  Id.  In such an instance, the parties must present the proposed settlement to the court, and the court may approve it "after scrutinizing the

2

settlement for fairness." Id. (citation omitted). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,]" then the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. When the employee is represented by counsel in an adversarial context, there is some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. The settlement can cover unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and costs of the action. 29 U.S.C. § 216(b).

## A. Bona Fide Dispute

Before accepting the proposed settlement, the Court must determine whether a true conflict exists. A true conflict requires a bona fide dispute over FLSA provisions. Lynn's Food Stores, 679 F.2d at 1354. Initiation of "a suit brought by employees under the FLSA for back wages . . . provides some assurance of an adversarial context." Id.; accord Barnes v. Ferrell Elec., Inc., No. CV 113-056, 2013 WL 5651903, at *1 (S.D. Ga. Oct. 16, 2013) ("Plaintiff filed suit and is represented by counsel, which provides some indication that a true conflict exists between Plaintiff and her employer.").

3

Here, Plaintiffs filed suit for unpaid overtime wages and are represented by counsel, suggesting a true adversarial conflict exists. (Doc. 45, at 27; Doc. 97, at 6.) Plaintiffs allege Defendant misclassified them as independent contractors and paid them a flat hourly rate for all hours worked including overtime. (Doc. 97, at 5.) Further, Defendant maintains it was never Plaintiffs' joint employer, never issued a W-2 form to Plaintiffs, and Plaintiffs were employed by subcontractors. (Id.) Thus, Defendant argues Plaintiffs were independent contractors and deny that they are entitled to any overtime wages. (Id.) Based on the Parties' pleadings and unopposed motion, the Court finds the presence of a bona fide dispute and turns to the fairness and reasonableness of the settlement.

## B. Fairness and Reasonableness of Settlement Amount

"[W]here a plaintiff agrees to accept less than [her] full FLSA wages and liquidated damages, [she] has compromised [her] claim." Gerena v. Cato Env't Servs., Inc., No. 6:07-CV-1540, 2009 WL 975537, at *2 (M.D. Fla. Apr. 9, 2009). Defendant has agreed to pay $16,834.00 to Plaintiff Tobias, $9,334 to Plaintiff Pisano, and $9,334 to Plaintiff Hollenbach for lost wages and liquidated damages. (Doc. 97, at 7.)

Courts have considered several factors in determining whether a FLSA settlement is fair and reasonable:

4

(1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Hirsch v. Mister Sparky, Inc., No. 1:09-CV-2897, 2010 WL 11603091, at *2 (N.D. Ga. Oct. 19, 2010) (citations omitted). Courts, however, apply a strong presumption of fairness to FLSA settlements. Kyles v. Health First, Inc., No. 6:09-cv-1248, 2010 WL 11626713, at *2 (M.D. Fla. Oct. 26, 2010) (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

The proposed settlement amounts are fair and reasonable. First, the Court finds no evidence of fraud or collusion. The Parties were independently represented by counsel "who are highly experienced in wage and hour litigation." (Doc. 97, at 6.) Second, the Parties acknowledge that settlement is in their best interest "[g]iven the costs, risks, and delays inherent to protracted litigation balanced against the benefits of settlement." (Id. at 5.) Third, the Parties participated in the settlement negotiations "[f]ollowing motion practice, discovery, and mutual exchanges of information and documents." (Id. at 6.) Fourth, the Parties dispute the factual issues pertaining to whether Plaintiffs were properly compensated for overtime in violation of the FLSA. (Id. at 10.) Plaintiffs also risk the Court granting Defendant's motion to dismiss, not obtaining

5

conditional certification against Defendant, and a future summary judgment ruling in favor of Defendant. (Id.) After considering the potential value of their claims and possible reductions in damages, "Plaintiffs and their Counsel have determined the proposed settlement set forth in the Agreements are in Plaintiffs' best interests and represent a fair and reasonable resolution of a hotly contested dispute." (Id.)

Regarding the range of Plaintiffs' possible recovery under the fifth factor, Plaintiffs' proposed back-wages and liquidated damages fall reasonably within the possible range of recovery. Plaintiffs' counsel calculated potential unpaid overtime of $59,000 for Plaintiff Tobias, $37,000 for Hollenbach, and $21,000 for Pisano." (Id. at 8.) Based on the Agreements, Plaintiff Tobias will be awarded $16,834.00, Plaintiff Pisano will be awarded $9,334, and Plaintiff Hollenbach will be awarded $9,334. (Id. at 7.)

In most instances, the liquidated damages should be equal to the amount of unpaid wages per the FLSA. See 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.") Additionally, "under the FLSA, if a plaintiff is entitled to recover unpaid minimum wages or unpaid overtime

6

compensation, then he or she is statutorily entitled to an equal amount of liquidated damages." Clifton v. Heritage Constr. Savannah, Inc., No. CV422-099, 2022 WL 17961466, at *2 (S.D. Ga. Dec. 27, 2022) (citing Norman v. BPR Brampton, No. 6:20-cv-95, 2021 WL 2877601, at *4 (S.D. Ga. July 8, 2021); 29 U.S.C. § 216(b)).

Here, the Agreements explicitly account for the Plaintiffs' lost wages and liquidated damages in equal amounts. (Doc. 97-1, at 3; Doc. 97-2, at 3-4; Doc. 97-3, at 3-4.) Further, counsel for the Parties advised their respective clients during extensive settlement negotiations and recommended judicial approval of the Agreements. (Doc. 97, at 8-9.) Based on the foregoing, the Court finds the settlement amounts fair and reasonable.

## C. Attorneys' Fees and Costs

The Court now turns to attorneys' fees. When a plaintiff settles for less than a full recovery, costs or fees paid to plaintiff's counsel are improper unless they are fair and reasonable. See Silva v. Miller, 307 F. App'x 349, 350-51 (11th Cir. 2009). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Id. at 351.

The district court determines what fee is reasonable by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The product of this formula is the "lodestar." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). Generally, the "relevant legal community" is that of the place where the case is filed. Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). Thus, the relevant legal market for this Court is the Augusta legal market, where the reasonable rate for more experienced attorneys is $450/hour, for other attorneys is $315/hour, and for paralegals is $150/hour. See Jackson v. Johnson, No. CV 123-074, Doc. 18 (S.D. Ga. Aug. 31, 2024); Whitesell Corp. v. Electrolux Home Prod., Inc., No. CV 103-050, 2021 WL 9316401, at *2 (S.D. Ga. July 20, 2021). When considering the lodestar, both the hours expended and the hourly rate must be reasonable. See Hensley, 461 U.S. at 433.

The Agreements award Plaintiffs' counsel $29,498.00 in attorneys' fees and costs. (Doc. 97, at 8.) Plaintiffs' counsel billed $26,000.00 in fees and $3,498.00 in costs for Plaintiffs in

this case.  (Id.)  Although the Parties state the fees and costs "are fair and reasonable to compensate them for their efforts bringing and prosecuting this collective action," they fail to attach billing records or hourly rates.  (Id.)

To fulfill its duty of inquiry, the Court must have documentation of how the attorney's fees were computed.  Brown v. Am. Moving & Storage, LLC, CV 418-009, 2018 WL 5811487, at *3 (S.D. Ga. Nov. 6, 2018) (citation omitted).  The Parties have not provided such documentation.  See Cummings v. Bignault & Carter, LLC, No. 418-cv-244, 2019 WL 2207656, at *2 (S.D. Ga. May 21, 2019) (explaining that "one of the most basic tenants of the FLSA" is "demonstrat[ing] to the Court that any requested attorney's fee is reasonable").  Although the attorneys' fees may in fact be fair and reasonable, the Court simply does not have enough information to make that determination.  The Parties need to provide detailed records that show the hourly billing rate, time spent on the case, the general subject matter of the time expenditures, fairly definite information concerning activities by each attorney, and bear in mind that time spent on purely clerical tasks is not reimbursable and shall be omitted.  See Norman v. BPR Brampton LLC, No. 620-cv-095, 2021 WL 2877601, at *5 (S.D. Ga. July 8, 2021).  Because the Parties failed to provide sufficient evidence for the Court to determine whether the requested attorneys' fees are reasonable, the Court cannot approve the Agreements.

9

## II. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' unopposed motion to approve settlements (Doc. 97) is **DENIED.** Within **FOURTEEN (14) DAYS** of the date of this Order, the Parties may file a revised motion for approval of settlement agreements.  If the Parties do not move for approval of revised settlement agreements within **FOURTEEN (14) DAYS**, the Court **DIRECTS** the Parties to submit a status report setting forth the status of settlement discussions.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of May, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA