IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

GEOFFREY TOBIAS, individually
and for others similarly
situated,

        Plaintiff,

        v.

SOUTHERN NUCLEAR OPERATING
COMPANY,

        Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

CV 125-202

**O R D E R**

Before the Court is Plaintiff Geoffrey Tobias and Opt-in Plaintiffs James Hollenbach, Sr. and Louis Pisano's (collectively, "Plaintiffs") unopposed amended motion to approve settlement and dismiss with prejudice. (Doc. 100.) Pursuant to Eleventh Circuit precedent and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, as amended, the Court is required to scrutinize the proposed settlement agreement for fairness before approving it and entering judgment. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). On May 21, 2026, the Court denied Plaintiffs' first motion for settlement approval. (Doc. 99, at 10.) The Parties now submit a renewed motion (Doc. 100); the wage-hour settlement and release agreements (the "Agreements") (Docs. 100-1, 100-2, 100-3); and a declaration of Michael A. Josephson, Plaintiffs' counsel, with itemized time and billing

records attached (Doc. 100-4). For the following reasons, Plaintiffs' renewed motion (Doc. 100) is **GRANTED.**

## I. DISCUSSION

The Court previously found the presence of a bona fide dispute and that the settlement amounts were fair and reasonable. (Doc. 99, at 3-7.) However, the Court denied Plaintiffs' motion because Plaintiffs failed to provide sufficient evidence for the Court to determine whether the requested attorneys' fees are fair and reasonable. (Id. at 7-9.)

When a plaintiff settles for less than a full recovery, costs or fees paid to plaintiff's counsel are improper unless they are fair and reasonable. See Silva v. Miller, 307 F. App'x 349, 350-51 (11th Cir. 2009). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Id. at 351. The district court determines what fee is reasonable by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The product of this formula is the "lodestar." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services

by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). Generally, the relevant legal community is that of the place where the case is filed. See Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). Thus, the relevant legal market for this Court is the Augusta legal market, where the reasonable rate for more experienced attorneys is $450/hour, for other attorneys is $315/hour, and for paralegals is $150/hour. See Jackson v. Johnson, No. CV 123-074, Doc. 18 (S.D. Ga. Aug. 31, 2024); Whitesell Corp. v. Electrolux Home Prod., Inc., No. CV 103-050, 2021 WL 9316401, at *2 (S.D. Ga. July 20, 2021). To determine the lodestar, both the hours expended and the hourly rate must be reasonable. See Hensley, 461 U.S. at 433.

The Court directed the Parties to submit additional information to allow the Court to determine whether the attorneys' fees and costs are fair and reasonable. (Doc. 99, at 9.) Plaintiffs provided itemized time records for all the work their attorneys performed in this matter as well as a breakdown of each billing professional and their respective position, years of experience, and rate. (Doc. 100-4, at 3, 5-9; Doc. 100, at 11.) Plaintiffs' lead counsel details his extensive experience as an attorney representing workers in employment litigation under state and federal wage laws. (Doc. 100-4, at 1-2.) Plaintiffs' counsel

3

spent over 175 hours litigating this case.  (Doc. 100, at 11; Doc. 100-4, at 5-9.)  A review of the time expended reveals Plaintiffs' requested number of hours are reasonable.  (Doc. 100-4, at 4-9, 11.)

Plaintiffs request $25,661.72 in attorneys' fees and $3,766.28 in costs.  (Doc. 100-4, at 3; Doc. 100, at 1.)  Using the requested $25,661.72 in attorneys' fees and the 175 total expended hours, Plaintiffs' counsel's average hourly rate for this matter totals about $146.64 per hour.  Plaintiffs also provide an itemized record of costs for litigating this matter totaling $3,766.28, which the Court finds reasonable.  (Doc. 100-4, at 11.)  Based on the above reasonable rate for experienced attorneys and paralegals in the Augusta market, the Court approves Plaintiffs' counsel's hourly rate and requested costs.  Therefore, the Court finds the total hours spent to be reasonable and takes no issue with the total amount of attorneys' fees and costs requested.

## II. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' unopposed amended motion for approval of settlement agreement and for dismissal with prejudice (Doc. 100) and approves the Agreements (Docs. 100-1, 100-2, 100-3).  Plaintiffs request, and Defendant does not oppose, that the Court dismiss this action with prejudice upon approval of the Agreements.  (Doc. 100, at 1.)  Accordingly,

4

**IT IS HEREBY ORDERED** that this matter is **DISMISSED WITH PREJUDICE.**

The Clerk is **DIRECTED to TERMINATE** all other motions and deadlines,

if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___13th___ day of July,

2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

5